NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULES L. ROSSI and ROBIN S. ROSSI, | |
| Plaintiffs, | Civil Action No. 13-cv-1870 (JAP) |
| v. | **OPINION** |
| INNOVATION VENTURES, LLC, INNOVATION VENTURES, LLC dba Living Essentials, LIVING ESSENTIALS, LLC, BIO CLINICAL DEVELOPMENT, INC., MANOJ BHARGAVA and JOHN DOES 1-10 (fictitious names) and ENTITIES 1-10 (fictitious names), | |
| Defendants. | |

PISANO, District Judge

Presently before the Court is Defendants Innovation Ventures, LLC, Innovation Ventures LLC dba Living Essentials, and Living Essentials, LLC's (collectively referred to as "Innovation Defendants") Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, strike Exhibit A from the Amended Complaint [docket #18] and Defendants Bio Clinical Development, Inc. ("BCD") and Manoj Bhargava's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction [docket #19]. Plaintiffs, Jules L. Rossi ("Plaintiff") and Robin S. Rossi ("Mrs. Rossi") oppose these motions [docket #22 and #21, respectively]. The Court considered the papers filed by the parties as well as oral argument on March 28, 2014.

1

For the reasons that follow, this Court GRANTS Defendants BCD and Manoj Bhargava's Motion to Dismiss for lack of personal jurisdiction [docket #19] and GRANTS in part and DENIES in part the Innovation Defendants' Motion to Dismiss or in the alternative, strike Exhibit A from the Amended Complaint [docket #18].

## I.     BACKGROUND

Plaintiffs Amended Complaint, received by the Court on July 8, 2013 as an exhibit to Plaintiff's Cross Motion to Amend the Complaint [docket #14] consists of seven (7) causes of action for: (1) Products Liability; (2) Negligence; (3) Strict Liability; (4) Punitive Damages; (5) to Pierce the Corporate Veil; (6) Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"); (7) the New Jersey Consumer Fraud Act; and (8) Plaintiff Robin S. Rossi asserts a per quad claim for loss of consortium.[1]  Plaintiff's claims arise out of Plaintiff, Jules L. Rossi's consumption of the product known as 5-hour Energy.  The following allegations are taken from Plaintiffs Amended Complaint and are accepted as true for purposes of this Court's review only.

On or about February 22, 2011, Plaintiff drank a 5-hour energy and subsequently lost consciousness due to dehydration allegedly caused by the product. Amended Complaint ("Compl.") ¶¶ 1, 4.  After losing consciousness, Plaintiff fell down a flight of stairs and suffered a sub-arachnoid brain bleed which has led to seizures and other psychological and physiological symptoms.  Compl. ¶ 4.  Plaintiff alleges that 5-hour energy has ingredients in it which cause dehydration and the product does not contain an adequate warning advising consumers of these risks thereby rendering it not reasonably safe for its intended purpose.  Compl. ¶ 8.  Plaintiff

---

[1] On July 30, 2013, Magistrate Judge Goodman granted Plaintiff's Motion to Amend the Complaint and instructed Plaintiff to file the Amended Complaint on the docket within five (5) days of the Order [docket #16]. On August 1, 2013, Plaintiff filed an Amended Complaint on the docket but did not include "Exhibit A" with this filing [docket #17].  "Exhibit A" is the subject of Innovation Defendants' motion and the Court is not aware of any other substantive differences between the two Amended Complaints.  Thus, for purposes of clarity, the Court will construe the Complaint included in Plaintiff's cross-motion to amend [docket #16] as Plaintiff's most recent Complaint.

further contends that the Defendants were aware of these risks, but continued to introduce the product into the stream of commerce and market 5-hour energy with a reckless disregard for the safety of its foreseeable consumers.  Compl. ¶ 8.  In support of this contention, Plaintiff attached as "Exhibit A" to the amended complaint an adverse event report from the Food and Drug Administration ("FDA") which Plaintiff claims demonstrates the substantial risk of adverse medical consequences caused by the use of energy drinks.  Compl. ¶ 8.

## II. DISCUSSION

### a. *Bio Clinical Development, Inc. and Manoj Bhargava's Motion to Dismiss for Lack of Personal Jurisdiction*

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a complaint against a defendant if there is a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  A federal court sitting in diversity must undertake a two-step inquiry to exercise personal jurisdiction over a defendant.  "First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution.  In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."  *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998) (citing *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 284 (3d Cir.1981)).

Pursuant to the New Jersey long-arm statute, Plaintiff must show that there is either specific or general jurisdiction over Defendant.  *See Jacobs v. Walt Disney World,* 309 N.J. Super. 443, 452 (App. Div. 1998).  "[G]eneral jurisdiction exists where the defendant has "systematic and continuous contacts" with the forum."  *See Watiti v. Walden Univ.*, 2008 WL 2280932 (D.N.J. May 30, 2008).  Alternatively, "'[s]pecific jurisdiction exists when the claim

3

arises from or relates to conduct purposely directed at the forum state.'" *Id*. at *-- (quoting *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir.2007)).

### b. Analysis

Plaintiffs Amended Complaint alleges that Defendant BCD was "engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales and/or distribution of 5-hour [energy]." Compl. ¶ 2. As an initial matter, Defendant contends that BCD does not engage in these functions but merely owns some of the intellectual property rights relating to the product. See Declaration of Matthew Dolmange ¶ 11. However, taking Plaintiff's allegations as true, Plaintiff has still failed to establish that personal jurisdiction exists over Defendant BCD.

BCD is a Michigan corporation with its principal place of business located in Farmington Hills, Michigan. *Id.* ¶ 3. BCD is not registered to do business in the State of New Jersey, nor does it maintain a registered agent in the State of New Jersey. *Id.* ¶ 4. To the extent that BCD manufactures, produces, designs, advertises and/or sells 5-hour energy, it does not do any of these activities in New Jersey, or otherwise conduct any business or maintain any contacts in New Jersey. *Id.* ¶¶ 5-9. Similarly, Plaintiffs claim(s) do not arise from or relate to any conduct by Defendant BCD that is purposely directed at New Jersey.

Moreover, Plaintiff attempts to gain personal jurisdiction over Defendant Bhargava by allegations relating to piercing the corporate veil. Compl. ¶¶ 2-3. Under New Jersey law, veil piercing is an equitable remedy whereby a court disregards the corporate existence to hold an individual defendant liable for the corporation's debts. See *Rowen Petroleum Properties, LLC v. Hollywood Tanning Sys., Inc.*, 899 F. Supp. 2d 303 (D.N.J. 2012). Putting aside the fact that veil piercing is a remedy, in viewing Plaintiff's Amended Complaint favorably, there must be

sufficient facts showing that personal jurisdiction over an individual defendant in order to establish such a veil piercing theory. Plaintiff has simply failed to do this.

Again, assuming Plaintiff's allegations are true that Defendant Bhargava designed, manufactured, produced, tested, sold, or marketed 5-hour Energy, Plaintiff fails to establish that any of these actions by Defendant Bhargava were conducted in New Jersey or purposely directed at New Jersey. Compl. ¶ 2. Defendant Bhargava is not a resident of New Jersey, does not own or possess any real property in New Jersey, and does not perform any work or render any services in New Jersey. See Declaration of Manoj Bhargava ¶ 7.

Accordingly, Plaintiff has failed to show that Defendants BCD and Bhargava have continuous or systematic contacts with New Jersey sufficient to establish that general jurisdiction exists, or alternatively, has failed to establish specific jurisdiction as Plaintiff's claims do not arise out of any conduct by BCD or Bhargava directed at New Jersey. As such, Plaintiff's claims against Defendants BCD and Bhargava are DISMISSED.

    **b.** *Innovation Defendants' Motion to Dismiss or in the Alternative, Strike Exhibit A to the Amended Complaint*

    **a. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss

pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Further, Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Similar to Rule 12(b)(6), "[m]otions to strike are to be decided 'on the basis of the pleadings alone.'" *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (quoting *Total Containment, Inc. v. Environ Products, Inc.*, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992)). "Courts possess considerable discretion under Rule 12(f) to dispose of motions to strike." *In re Schering-Plough Corp./Enhance Sec. Litig.*, 2009 WL 1410961, at *1 (D.N.J. May 19, 2009). "Motions to strike are disfavored, however, and 'usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.' Striking

matters from the record is a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Id.* (quoting *Kim v. Baik*, 2007 WL 674715, at *5 (D.N.J. Feb. 27, 2007)).

### b. Analysis

#### i. Products Liability

In order to state a *prima facie* claim under the New Jersey Products Liability Act ("PLA"), a "plaintiff must show that the defendant manufactured the product, that a reasonably foreseeable user was injured, that the product was defective, that the defect existed when it left the defendant's control, and that the defect was the factual or proximate cause of the plaintiff's injury." *Durkin v. Paccar, Inc.*, 2010 WL 4117110, at *6 (D.N.J. Oct. 19, 2010) (citing *Myrlak v. Port Auth. of N.Y. and N.J.,* 157 N.J. 84, 723 A.2d 45, 52 (N.J.1999)).

While Plaintiff may face evidentiary issues in this litigation surrounding proximate cause, the Court must construe Plaintiff's allegations as true in determining whether Plaintiff has stated a claim for relief under the PLA. In so doing, Plaintiff has alleged that the Innovation Defendants manufactured 5-hour Energy, that Plaintiff was a reasonably foreseeable user of the product, that Plaintiff's injury was proximately caused by the defective product, and that 5-hour energy was defective because it was not accompanied by a proper warning label. Compl. ¶¶ 1-11. Accordingly, Plaintiff's Complaint alleges sufficient facts to state a claim for relief under the PLA and the Innovation Defendants' motion to dismiss this claim is DENIED, without prejudice.

#### ii. Plaintiff's Remaining State Law Claims

As set forth above, Plaintiff's Amended Complaint also alleges causes of action for: (1) Negligence; (2); Strict Liability; (3) Punitive Damages; (4) Piercing the Corporate Veil; (5) RICO; and (6) the New Jersey Consumer Fraud Act. However, in finding that Plaintiff has sufficiently stated a claim for relief under the PLA, the remaining state law claims must be

dismissed because the PLA "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991). Stated differently, the PLA subsumes Plaintiff's remaining common law products liability claims. *Id.*

At oral argument, Plaintiff did not oppose this contention with respect to five (5) of the six (6) remaining state law claims, but contended that the consumer fraud cause of action falls outside the scope of the PLA. However, the only factual allegations contained in Plaintiff's Complaint and in support of Plaintiff's consumer fraud claim relate to a physical injury caused by the alleged defective product. As such, the PLA subsumes Plaintiff's cause of action under the Consumer Fraud Act. See *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 704 (D.N.J. 2011) (holding that consumer fraud claims relating to personal injury caused by a defective product, as opposed to economic injury caused to the product itself, are subsumed by the PLA.). Accordingly, Plaintiff's remaining state law claims are DISMISSED.

### iii. Plaintiff Robin S. Rossi's Per Quad Claim

The Innovation Defendants move to dismiss Mrs. Rossi's per quad claim for loss of consortium, arguing that because her cause of action is derivative of her husband's claims, and Mr. Rossi has failed to state any claims for relief, Mrs. Rossi's claim must also be dismissed. However, as set forth above, the Court has found that Plaintiff, Mrs. Rossi's husband, sufficiently pled a cause of action under the PLA. Further, "[i]t is well settled that a wife is entitled to 'fair and reasonable compensation for any loss or impairment of her husband's services, society or consortium because of injuries sustained by him as a proximate result of defendant's wrongdoing.'" *Thalman v. Owens-Corning Fiberglas Corp.*, 290 N.J. Super. 676,

684, 676 *A*.2d 611, 614 (App. Div. 1996) (quoting *Zalewski v. Gallagher,* 150 *N.J.Super.* 360, 372, 375 *A*.2d 1195 (App.Div.1977)).

Plaintiff's Complaint sufficiently alleges that Mrs. Rossi is the wife of Jules L. Rossi, and that the conduct of the Innovation Defendants proximately caused her to suffer the loss of her husband's services, society and companionship, as well as financial damages. Compl. p. 13, ¶¶ 2-3. Taking these factual allegations as true, Mrs. Rossi has sufficiently pled a cause of action for loss of consortium. Accordingly, the Innovation Defendants' motion to dismiss Mrs. Rossi's per quad claim is DENIED, without prejudice.

### iv. Striking Exhibit A

The Innovation Defendants also move this Court to strike Exhibit A from Plaintiff's Amended Complaint pursuant to Rule 12(f), arguing that it is immaterial, impertinent, and scandalous. As stated above, however, striking matters from pleadings or the record is disfavored and will be allowed only where they "have no possible relation to the controversy and may cause prejudice to one of the parties, or [where] the allegations confuse the issues in the case.'" *In re Schering-Plough Corp.,* 2009 WL 1410961, at *1 (internal citation omitted). Exhibit A is a copy of adverse event reports published by the FDA, and relied upon by Plaintiff to show that Defendant had knowledge of the potential adverse reactions of its product but failed to update its warning. The Innovation Defendants contend that these reports are immaterial because the only reports which relate to dehydration involve the products known as "Rock Star Energy" or "Monster Energy," but there are no reports regarding 5-hour energy.

As an initial matter, similar products that contain similar ingredients may be relevant in determining whether a Defendant had knowledge of potential risks associated with its product. Further, adverse event reports contained in Exhibit A involving 5-hour Energy list "loss of

9

consciousness," which is precisely what Plaintiff experienced here. As such, the Court finds that, at this stage of the litigation, Exhibit A is not immaterial, impertinent, or scandalous, as it does have a possible relation to the controversy and will not confuse allegations in the case. Accordingly, Defendants motion to strike Exhibit A from the Amended Complaint is DENIED, without prejudice.

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth on the record, this Court GRANTS Bio Clinical Development, Inc. and Manoj Bhargava's Motion to Dismiss in its entirety [docket #19] and GRANTS in part and DENIES in part the Innovation Defendants' Motion to Dismiss or alternatively strike Exhibit A to the Amended Complaint [docket #18]. An appropriate Order accompanies this Opinion [docket #30].

Date: April 1, 2014                                /s/ Joel A. Pisano                
                                                  JOEL A. PISANO
                                                  United States District Judge